UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 17-61657-CIV-GAYLES

ESSEX GLOBAL CAPITAL, LLC,

      **Plaintiff,**

v.

PURCHASING SOLUTIONS
INTERNATIONAL, INC.,

      **Defendant.**
_____/

## ORDER

**THIS CAUSE** comes before the Court on Defendant Purchasing Solutions International, Inc.'s Amended Motion to Dismiss the Complaint [ECF No. 8]. The Court has reviewed the Motion and the record and is otherwise fully advised. For the reasons set forth below, the Motion is GRANTED.

**I.**    **BACKGROUND**[1]

On January 23, 2014, Baha Mar Limited entered into a Purchasing Agent Agreement ("Agreement") with Defendant Purchasing Solutions International, Inc. ("Defendant"). [ECF No. 1-2]. In the Agreement, Defendant contracted to purchase certain furniture, fixtures, and equipment for Baha Mar's resort project in the Bahamas. The Agreement contained a forum-selection clause, which provided:

> 7.1. Disputes will be resolved by litigation in a court of competent jurisdiction in the Commonwealth of the Bahamas.

[ECF No. 1-2, at 21–22].

---
[1] The Court takes the allegations from the Complaint as true for purposes of a Motion to Dismiss. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997).

On April 20, 2015, Baha Mar assigned its rights in the contract to Essex Global Capital, LLC ("Plaintiff"). On July 17, 2017, Plaintiff filed the instant action in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, seeking to enforce the Agreement. One month later, on August 17, 2017, Defendant filed a Notice of Removal [ECF No. 1], removing the action to this Court pursuant to 28 U.S.C. § 1441 and alleging diversity of citizenship as the basis for this Court's original jurisdiction over the matter. Defendant now moves to dismiss the action based on the Agreement's forum-selection clause.

## II. LEGAL STANDARD

"Under the doctrine of *forum non conveniens*, a district court has the inherent power to decline to exercise jurisdiction even when venue is proper." *Vanderham v. Brookfield Asset Mgmt., Inc.*, 102 F. Supp. 3d 1315, 1318 (S.D. Fla. 2015) (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 506–07 (1947), *superseded by statute on other grounds as recognized in Am. Dredging Co. v. Miller*, 510 U.S. 443 (1994)). Although a court may consider matters outside the pleadings in ruling on a motion to dismiss based on *forum non conveniens*, it "must draw all reasonable inferences and resolve all factual conflicts in favor of the plaintiff." *Id.* (quoting *Wai v. Rainbow Holdings*, 315 F. Supp. 2d 1261, 1268 (S.D. Fla. 2004)). "To obtain dismissal for *forum non conveniens*, '[t]he moving party must demonstrate that (1) an adequate alternative forum is available, (2) the public and private factors weigh in favor of dismissal, and (3) the plaintiff can reinstate his suit in the alternative forum without undue inconvenience or prejudice.'" *GDG Acquisitions, LLC v. Government of Belize*, 749 F.3d 1024, 1028 (11th Cir. 2014) (quoting *Leon v. Millon Air, Inc.*, 251 F.3d 1305, 1310–11 (11th Cir. 2001)).

## III. DISCUSSION

As a preliminary matter, the Court notes that a Rule 12(b)(3) motion to dismiss for improper venue is the incorrect procedural vehicle to enforce a forum-selection clause where, as

here, venue is otherwise proper. *See Atl. Marine Const. Co., Inc. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 134 S. Ct. 568, 580 (2013). However, in the interests of judicial economy, the Court will treat the Motion to Dismiss for improper venue as a motion to dismiss based on *forum non conveniens*.

"The doctrine of forum non conveniens permits a court with venue to decline to exercise its jurisdiction when the parties' and court's own convenience, as well as the relevant public and private interests, indicate that the action should be tried in a different forum." *Pierre-Louis v. Newvac Corp.*, 584 F.3d 1052, 1056 (11th Cir. 2009). In a typical case, a court proceeds directly through those factors. "The calculus changes, however, when the parties' contract contains a valid forum-selection clause . . . ." *Atl. Marine*, 134 S. Ct. at 581. When there is a valid forum-selection clause, the Court no longer considers the private interest factors. *See id.* at 581–82. "As a consequence, a district court may consider arguments about public-interest factors only." *Id.* at 582. Because the public interest factors will "rarely defeat" a *forum non conveniens* motion, "the practical result is that forum-selection clauses should control except in unusual cases." *Id.*

The Court's preliminary step, therefore, is to determine whether there is a valid forum-selection clause. *Cf. id.* at 581 n.5. If the forum-selection clause is valid, the Court must then apply the modified *forum non conveniens* analysis from *Atlantic Marine*. The Court must also consider whether "an adequate alternate forum exists which possesses jurisdiction over the whole case, including all the parties" and must "ensure[] that plaintiffs can reinstate their suit in the alternate forum without undue inconvenience or prejudice." *Wilson v. Island Seas Investment, Ltd.*, 590 F.3d 1264, 1269 (11th Cir. 2009) (citing *Aldana v. Del Monte Fresh Produce N.A., Inc.*, 578 F.3d 1283, 1289–90 (11th Cir. 2009)).

### A. Validity and Enforceability of the Forum-Selection Clause

"Forum-selection clauses are presumptively valid and enforceable unless the plaintiff makes a 'strong showing' that enforcement would be unfair or unreasonable under the circumstances." *Krenkel v. Kerzner Int'l Hotels Ltd.*, 579 F.3d 1279, 1281 (11th Cir. 2009) (citing *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 593–95 (1991) and *M/S Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 10 (1972)). The Eleventh Circuit enforces only unambiguous and mandatory forum-selection clauses—that is, "only those clauses that unambiguously designate the forum in which the parties must enforce their rights under the contract." *Florida Polk County v. Prison Health Servs., Inc.*, 170 F.3d 1081, 1083 n.8 (11th Cir. 1999). "A forum-selection clause will be invalidated when: (1) its formation was induced by fraud or overreaching; (2) the plaintiff would be deprived of its day in court because of inconvenience or unfairness; (3) the chosen law would deprive the plaintiff of a remedy; or (4) enforcement of the clause would contravene public policy." *Krenkel,* 579 F.3d at 1281.

Plaintiff first argues that the forum-selection clause is permissive, rather than mandatory, and thus unenforceable in the Eleventh Circuit. The Court disagrees. Plaintiff attempts to draw a parallel between this case and cases in which courts have resisted construing mere consent-to-jurisdiction clauses as mandatory forum-selection clauses. *See Connectus, LLC v. Ampush Media, Inc.*, 2016 WL 261036, *2 (M.D. Fla. Feb. 2, 2016) ("The parties hereby *submit to the jurisdiction of*, and waive any venue objections against, the United States District Court for the Northern District of California, San Francisco County Branch and the Superior and Municipal Courts of the State of California." (quoting contract) (emphasis added)); *Pace Properties, LLC v. Excelsior Constr., Inc.*, 2008 WL 4938412, *1 (N.D. Fla. Nov. 18, 2008) ("Any and all disputes arising from these contract documents shall be *subject to* litigation in state court in Escambia County, Pensacola, Florida." (quoting contract) (emphasis added)); *City of New Orleans v. Mun.*

*Admin. Servs., Inc.*, 376 F.3d 501, 504 (5th Cir. 2004) ("The undersigned Contractor does further hereby *consent and yield to the jurisdiction of* the State Civil Courts of the Parish of Orleans and does hereby formally waive any pleas of jurisdiction on account of the residence elsewhere of the undersigned Contractor." (quoting contract) (emphasis added)).

While "[a] party's consent to jurisdiction in one forum does not necessarily waive its right to have an action heard in another," *City of New Orleans*, 376 F.3d at 504, the clause before the Court does not merely consent to jurisdiction. Rather, it mandates that "[d]isputes *will be* resolved by litigation in a court of competent jurisdiction in the Commonwealth of the Bahamas." [ECF No. 1-2] (emphasis added). Indeed, the phrase "a court of competent jurisdiction" suggests the parties *did not* intend to waive jurisdictional requirements, but rather intended to specify the universe of acceptable fora for litigation relating to the Agreement.

The Court likewise finds *Citro Florida, Inc. v. Citrovale, S.A.*, 760 F.2d 1231 (11th Cir. 1985), distinguishable. In that case, the forum-selection clause read, "Place of jurisdiction is Sao Paulo/Brazil." *Id.* The Eleventh Circuit held in *Citro* that the clause was sufficiently ambiguous to warrant application of the well-settled contract principle that ambiguous clauses should be construed against the drafter. *Id.* at 1232. The ambiguity is evident with the hypothetical addition of a definite or indefinite article to the clause in question: the clause would have a very different meaning if it read "*the* place of jurisdiction is Sao Paulo/Brazil" than if it read "*a* place of jurisdiction is Sao Paulo/Brazil." No such ambiguity exists here. The parties agreed that "[d]isputes *will be* resolved by litigation in a court of competent jurisdiction in the Commonwealth of the Bahamas." [ECF No. 1-2, at 21–22].

Furthermore, the clause clearly governs this dispute, which arises directly from the Agreement, under which Plaintiff seeks to recover. And Plaintiff does not argue that the clause

5

was the result of fraud or overreach. The Court therefore determines that the Agreement's forum-selection clause is valid and enforceable.

B. *Forum Non Conveniens* **Analysis**

The existence of a valid, enforceable, mandatory, and applicable forum-selection clause—like the clause contained in the Agreement—is not alone dispositive in the *forum non conveniens* analysis. However, as the Supreme Court explained in *Atlantic Marine*, a viable forum-selection clause carries near-determinative weight: "When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation." *Atl. Marine*, 134 S. Ct. at 582.

Post–*Atlantic Marine*, the Eleventh Circuit has ruled that "[a] binding forum-selection clause requires the court to find that the *forum non conveniens* private factors entirely favor the selected forum." *GDG Acquisitions*, 749 F.3d at 1029. What remains under this modified analysis, then, is (1) whether an adequate alternative forum is available, and (2) whether the public interest factors weigh in favor of dismissal. *Id.* at 1028.

"An alternative forum is adequate if it provides for litigation of the subject matter of the dispute and potentially offers redress for plaintiffs' injuries." *King v. Cessna Aircraft Co.*, 562 F.3d 1374, 1382 (11th Cir. 2009). "An adequate forum need not be a perfect forum." *Satz v. McDonnell Douglas Corp.*, 244 F.3d 1279, 1283 (11th Cir. 2001). Courts need ask "only whether some remedy exists." *Neuralstem, Inc. v. ReNeuron, Ltd.*, 365 F. App'x 770, 771 (9th Cir. 2010) (per curiam). An alternative forum is "available" to a plaintiff "when the foreign court can assert jurisdiction over the litigation sought to be transferred." *Leon v. Millon Air, Inc.*, 251 F.3d 1305, 1311 (11th Cir. 2001).

Plaintiff argues that enforcing the forum-selection clause will deprive it of its day in court. In other words, it argues that the Bahamas is not an adequate and available alternate forum. In support of this position, Plaintiff points to Bahamian courts' inability to compel attendance of central witnesses. But this vague assertion does not convince the Court that the Bahamas is an inadequate or unavailable alternate forum. Plaintiff does not explain who the relevant witnesses are, nor does it establish that those witnesses would refuse to appear in the Bahamas. The Agreement is explicitly governed by the law of the Bahamas. Bahamian courts are best able to interpret Bahamian law and dispense appropriate remedies.

While public interest factors "rarely defeat" a *forum non conveniens* motion, *Atl. Marine,* 134 S. Ct. at 582, the Court will nevertheless consider the following public interest factors: "the administrative difficulties flowing from court congestion; the 'local interest in having localized controversies decided at home'; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981) (quoting *Gilbert*, 330 U.S. at 509). Because the controversy centers on a project in the Bahamas and the Agreement is governed by Bahamian law, the balance of these factors weigh in favor of dismissal here.

Based on the foregoing and for reasons of fairness and judicial economy, this Court will enforce the parties' forum-selection clause by dismissing the action on grounds of *forum non conveniens*.

Therefore, it is

**ORDERED AND ADJUDGED** Defendant's Motion to Dismiss is **GRANTED**. The plaintiff may refile this action in a court of competent jurisdiction in the Bahamas. It is further

**ORDERED AND ADJUDGED** that this action shall be **CLOSED** for administrative purposes.

**DONE AND ORDERED** in Chambers at Miami, Florida this 27th day of October, 2017.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE